IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOLOMAN STEVE KENNEDY, # 83263                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:15cv863-HTW-LRA

STATE OF MISSISSIPPI, JUAN SANTOS,
DR. BURKE, EARNEST LEE, MARSHALL
FISHER, EMMITT SPARKMAN,
KENTRELL LIDDELL, CORRECTION
MEDICAL SERVICES, LARRY LINTON,
KEITH IVENS, FRED KLOPFER,
WILLIAMS STEIGER, JOHN BEARRY,
GAIL WILLIAMS, WENDELL BANKS,
TIMOTHY MORRIS, DOROTHY
JOHNSON, MILLS ARCHIE, DAVID
PENELTON, KATHRYN MCINTYRE,
CHRISTOPHER B. EPPS, JAMES
BREWER, PHIL BRYANT, and HALEY
BARBOUR                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the court, *sua sponte*, for consideration of dismissal. *Pro se* plaintiff

Soloman Steve Kennedy is incarcerated with the Mississippi Department of Corrections

("MDOC"), and he brings this action, pursuant to Title 42 U.S.C. § 1983. The court has

considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

Kennedy is currently incarcerated at the Mississippi State Penitentiary in Parchman,

Mississippi. This case concerns the United States District Court for the Northern District of

Mississippi's handling of Kennedy's prior cases, and it concerns his sentences and conditions of

confinement.

On December 1, 2015, Kennedy filed this Complaint against defendant State of

Mississippi for ten million dollars, alleging that he had been subject to numerous assaults, illegal confinement, "poor medical treat[ment], . . . and poor food serve[d]." (Compl. at 1). "These action[s] took place [in] 2007, 2008, 2009, 2010, 2011, 2012, up under [sic] 4:07-cv-187-P-B [and] 4:08-cv-40-M-B[.] All these cases [a]r[e] in Aberdeen, MS." *Id.* Those cases were consolidated, and tried by the Northern District of Mississippi in 2011. *Kennedy v. Epps*, No. 4:07cv187-P-S (N.D. Miss. Apr. 4, 2011). Kennedy asks this court to reconsider that case. (1st Am. Compl. at 3); (Mot. to Consolidate).

Kennedy also complains about another Northern District case. He alleges he went to a *Spears*[1] hearing on November 9, 2015. "The next day came in [sic] everything I have said to the Judge it where [sic] on the news of west site I com [sic]." (1st Am. Compl. at 2). Kennedy thus complains that this civil case was published. The court takes judicial notice that a *Spears* hearing was held in civil action number 4:15cv63, *Kennedy v. Stanciel*, in the Northern District on that date. *Kennedy v. Stanciel*, 2015 U.S. Dist. LEXIS 174516, No. 4:15cv63-SA-SAA (N.D. Miss. Nov. 20, 2015). Incidentally, this lawsuit likewise raised 2007-2011 conditions of confinement claims, and it was still pending in the Northern District of Mississippi at the time the instant lawsuit was filed. *Id.* at *2-3.

As for Kennedy's claims of illegal confinement, he challenges two sentences. The first is his original sentence for burglary in 2006. He was sentenced to serve seven years in prison, followed by five years of probation. He claims he was supposed to be released on probation on July 10, 2010, but he was not released until November 9, 2012. Thus, he complains that he spent over two years too long on the first sentence.

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

As for the second claim, Kennedy alleges that his probation was revoked on July 11, 2013, and he was sentenced to serve the remaining five years.  He contends he was also convicted in 2014 on a separate charge, for which he was sentenced to seven years.  He claims this latter sentence was supposed to run concurrently to his revocation sentence but is running consecutively instead.

It is not clear if Kennedy also believes that one or more of his convictions were the result of misidentification.

Kennedy alleges that the 2014 conviction is on appeal, and that he has filed for a writ of habeas corpus.  In fact, such a Petition was filed in this court simultaneously with the instant case.  *Kennedy v. Fisher*, 2016 U.S. Dist. LEXIS 76545, No. 3:15cv861-TSL-RHW, p. *4 (S.D. Miss. May 16, 2016).  The Petition challenged the revocation and 2014 conviction.  *Id.*

Kennedy subsequently amended the Complaint, adding 24 defendants, some of whom he blames for his first alleged illegal detention.  Earnest Lee, Marshall Fisher, Emmitt Sparkman, and Dr. Kentrell Liddell, are sued in their official capacities only.  (2d Am. Compl. at 4).  Also named are Juan Santos, Dr. Burke, Correction Medical Services, Larry Linton, Dr. Keith Ivens, Dr. Fred Klopfer, Williams Steiger, Dr. John Bearry, Dr. Gail Williams, Wendell Banks, Timothy Morris, Dorothy Johnson, Mills Archie, David Penelton, Kathryn McIntyre, Christopher B. Epps, James Brewer, Phil Bryant, and Haley Barbour.  (Resp. at 1); (2d Am. Compl. at 5, 7).  Plaintiff claims that Fisher, Sparkman, Banks, Morris, Johnson, Archie, Santos, Burke, Penelton, McIntyre, Epps, Brewer, Bryant, and Barbour kept plaintiff in prison too long the first time and would not stamp his unspecified court documents.  He alleges no facts against the remaining ten defendants.

Finally plaintiff mentions that as of February 1, 2016, he is in Unit 29 of Parchman for mental health observation.  He asks to spend no more than a year there.  Plaintiff therefore seeks injunctive relief on his Unit 29 claim, and damages on all remaining claims.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The court has permitted Kennedy to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under § 1915.

Kennedy collaterally attacks the handling of his prior cases in the Northern District of Mississippi.  He also sues under § 1983 for alleged unconstitutional incarceration and conditions of confinement.  He names the State, four official capacity defendants, and twenty individual defendants.

4

STATE OF MISSISSIPPI

First and foremost, Kennedy sues the State of Mississippi.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Title 42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  The State is therefore dismissed.

PRIOR CASES

The court now examines the claims themselves.  Kennedy first asks the court to retry his *Epps* case (4:07cv187) from the Northern District, and he challenges the publication of his *Stanciel* case (4:15cv63).  These claims are expressly brought against the State but appear to also be brought against Santos, Burke, Lee, Epps, and Brewer, inasmuch as they were defendants in the *Epps* and *Stanciel* cases.[2]

A.      RELITIGATION OF *EPPS*

According to Kennedy, *Epps* involved assaults, illegal incarceration, improper medical treatment, and poor quality food.  According to *Epps*, however, it only involved assaults and improper medical treatment.  *Epps*, 2008 U.S. Dist. LEXIS 45001, No. 4:07cv187 (N.D. Miss. June 9, 2008).  The Northern District dismissed all of the claims except for a failure to protect claim against three defendants not involved in the present action.  *Epps*, 2011 U.S. Dist. LEXIS

_____

[2]*Epps* was brought against Epps, Brewer, and Santos, among others.  *Stanciel* was brought against the Lee, Santos, Burke, and the State, among others.

5

35658, No. 4:07cv187 (N.D. Miss. Mar. 30, 2011); *Epps*, 2008 U.S. Dist. LEXIS 45001, No. 4:07cv187 (N.D. Miss. June 9, 2008).  The latter claim was tried before a jury, which rendered a verdict for the defendants.  *Epps*, No. 4:07cv187 (N.D. Miss. Apr. 4, 2011).  This was a final judgment, which Kennedy did not appeal.

"*[I]n forma pauperis* complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993).  A prisoner proceeding under § 1915 is not entitled "to avoid the ordinary rules of *res judicata*." *Id.*  Because such a subsequent action is repetitive, it is also considered malicious.  *Id.* at 995.

Kennedy expressly asks the court to accept jurisdiction over *Epps* and to retry it.  The time to challenge the Northern District's ruling was on appeal, which Kennedy chose not to do.  He may not use this later filed action to collaterally attack the prior judgment.  Therefore, this claim is dismissed with prejudice, as frivolous and malicious.

The relitigation claim is malicious for another reason.  To the extent it raises 2007-2011 assaults and improper medical treatments, they were being prosecuted against Lee, Santos, and Burke in *Stanciel*.  The claims were still pending at the time the present action was filed.  It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Id.*

B.    PUBLICATION OF *STANCIEL*

Kennedy next alleges that the day after his *Spears* hearing in *Stanciel*, everything he said in the case was made public on "the news of west site I com. [sic]."  (1st Am. Compl. at 2).  It

appears he complains that it was published on the Internet.  As there is nothing unusual about a court case being public, and as this court has no jurisdiction over the way another district court handles its docket, Kennedy fails to state a claim upon which relief may be granted.  He does not allege that he was harmed by the publication nor that he was entitled to have the case sealed. This claim is dismissed as frivolous and for failure to state a claim.

II.    ILLEGAL INCARCERATION

Kennedy accuses Santos, Burke, Fisher, Sparkman, Banks, Morris, Johnson, Archie, Penelton, McIntyre, Epps, Brewer, Bryant, and Barbour of holding him two years beyond his sentence, as imposed in 2006.  Kennedy also contends he is being held too long on his 2014 conviction and appears to allege that one or more of his convictions was the result of a misidentification.

A civil action that challenges the fact or duration of a conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  In such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Where success on the claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed.  *Wilkinson*, 544 U.S. at 82.

Success on Kennedy's claims that he was or is being incarcerated for too long and that he was wrongfully convicted would necessarily invalidate the duration of his imprisonment and the

propriety of his convictions.  These claims may only proceed if he proves the convictions or sentences have already been invalidated.  He admits they have not.  Indeed, he simultaneously pursued a habeas claim in this court, attacking the revocation and the 2014 conviction.

Because the convictions and sentences have not yet been invalidated, Kennedy is precluded by *Heck* from challenging them in this civil action.  These claims are dismissed with prejudice for failure to state a claim, until such time as he successfully has these convictions and sentences invalidated, via appeal, post conviction relief, habeas, or otherwise.  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

III.    REMAINING CONDITIONS CLAIMS

Besides the conditions raised in his collateral attacks, Kennedy asserts that he only wants to be housed in Unit 29 for one year, and he alleges a failure to stamp his court documents.

A.    UNIT 29

Kennedy alleges that he is currently housed in Unit 29 for mental health treatment and not for punitive reasons.  He asks not to be there for more than one year.  He does not allege that he is in danger of being held there for more than one year, however, and he does not say how long he has been there thus far.  He does not otherwise challenge his conditions in Unit 29, despite being given the chance to do so.  The Unit 29 claim is thus dismissed for failure to state a claim upon which relief may be granted.

B.    FAILURE TO STAMP COURT DOCUMENTS

Finally, Kennedy accuses Santos, Burke, Fisher, Sparkman, Banks, Morris, Johnson, Archie, Penelton, McIntyre, Epps, Brewer, Bryant, and Barbour of failing to stamp unspecified court documents.  Specifically, Kennedy alleges that:

> [a]round July-2010, [sic] these individual peoples [sic] did not release me, so
> these high rank[ing] peoples [sic] did not stamp Kennedy['s] court documents and
> affidavits because Ms. McIntyre she said Soloman S. Kennedy we do stamp paper
> working [sic] and court documents but when I asked to stamp she telling Soloman
> S. Kennedy no.  Which all court documents and affidavits should be stamp[ed]
> and notar[ized] by the M.D.O.C. Ms. Kathryn McIntyre[.]

(2d Am. Compl. at 7).  This is the extent of his allegations regarding this claim, despite being

ordered to clarify it.

Kennedy does not allege what documents were not stamped and how he was therefore

harmed.  He does not claim that he was or is prevented from litigating a particular case because

of this failure; therefore he fails to state a claim for denial of access to courts.  *See*, *Christopher*

*v. Harbury*, 536 U.S. 403, 414-15 (2002); *Lewis v. Casey*, 518 U.S. 343, 351, 352 (1996).  The

most he appears to claim is that he was somehow kept in prison too long on his first conviction

because of some document not being stamped or processed.  To this extent, the claim fails under

*Heck*, for the reasons discussed previously.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above,

defendant State of Mississippi should be, and is hereby, **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims collaterally attacking

prior cases are **DISMISSED WITH PREJUDICE** as frivolous, malicious, and for failure to

state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED AND ADJUDGED** that the illegal incarceration claims

are **DISMISSED WITH PREJUDICE** for failure to state a claim, until such time as *pro se*

plaintiff Soloman Steve Kennedy successfully has his state convictions and sentences

invalidated, via appeal, post conviction relief, habeas, or otherwise.

**IT IS FURTHER ORDERED AND ADJUDGED** that the remaining claims are

**DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be

granted.  Plaintiff is assessed a strike under Title 28 U.S.C. § 1915(g).  A separate final judgment

shall issue pursuant to Federal Rule of Civil Procedure 58.

      **SO ORDERED AND ADJUDGED**, this the 29th day of July, 2016.


                    s/ HENRY T. WINGATE_____
                    UNITED STATES DISTRICT JUDGE